1  Renee Choy Ohlendorf (SBN 263939)
   HINSHAW & CULBERTSON LLP
2  11601 Wilshire Blvd.
   Suite 800
3  Los Angeles, CA 90025
   Telephone:  310-909-8000
4  Facsimile:  310-909-8001

5  Attorneys for Defendant GC Services Limited
   Partnership

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  Alan Aden and Tamera Aden,              Case No.

12          Plaintiff,                      **NOTICE OF REMOVAL**

13      vs.                                 Action Removed:  7/9/14

14  GC Services Limited Partnership,

15          Defendant.

16

17      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18      **PLEASE TAKE NOTICE THAT** pursuant to the provisions of 28 U.S.C.,

19  sections 1441(a) and 1446, Defendant GC SERVICES LP ("Defendant") hereby

20  removes to this Court the state action currently pending in the Riverside County

21  Superior Court of California, described more fully below:

22      1.      On May 20, 2014, a civil action was commenced in the Superior Court

23  of the State of California, in and for the County of Riverside, entitled *Alan Aden and*

24  *Tamera Aden v. GC Services Limited Partnership*, and pending under Case No.

25  MCC1400750.

26

27

28

                                  1
                                                31547473v1 2009

2.      In light of the pendency in Riverside County, the United States District Court for the Central District of California is the proper forum for removal pursuant to 28 U.S.C. §§84(c) and 1441(a).

3.      On June 12, 2014, Defendant was served with a copy of the Summons, Certificate of Counsel, Complaint, and Notice of Department Assignment for Case Management Purposes and Case Management Conference, true and correct copies of which are collectively attached hereto as **Exhibit A** and incorporated herein by this reference.   The aforementioned documents constitute true and correct copies of all process, pleadings and orders served upon Defendant.

4.      The Complaint asserts two federal causes of action against Defendant for purported violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, and may be removed to this Court pursuant to 28 U.S.C. §1446(b) because it invokes federal question jurisdiction.   This Court may exercise supplemental jurisdiction over the remaining claim for purported violation of the Rosenthal Fair Debt Collection Practices Act, *California Civil Code* §1788 *et seq.,* pursuant to 28 U.S.C. 1367(a) and 1441(c).

5.      This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the Complaint was effectuated upon Defendant.   It is therefore timely under 28 U.S.C. §1446(b).


DATED:   July 9, 2014                                    HINSHAW & CULBERTSON LLP


                                            By:  */s/ Renee C. Ohlendorf*
                                                 Renee Choy Ohlendorf
                                                 Attorneys for Defendant GC Services
                                                 Limited Partnership

NOTICE OF REMOVAL

31547473v1 2009

# EXHIBIT "A"

10:12-4

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GC SERVICES LIMITED PARTNERSHIP and Does 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALAN ADEN and TAMERA ADEN

<div style="border:1px solid">

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

# FILED

Superior Court Of California
County Of Riverside
05/20/2014
M. CRIEL
BY FAX
</div>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California,<br>4050 Main St.,<br>Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):*<br>MCC1400750 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffery R. Menard, Esq., 350 10th Ave., STE 1000 San Diego, CA 92101, 858-869-9529

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* 05/20/2014 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Gc Services Limited Partnership

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-030

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar Number and Address)*
Jeffery R. Menard (SBN 248508)
350 Tenth Ave.
STE 1000
San Diego, CA 92101
**TELEPHONE NO:** 858-869-9529      **FAX NO.** *(Optional)*:
**E-MAIL ADDRESS** *(Optional)*: Jmenard22@gmail.com
**ATTORNEY FOR** *(Name)*: Alan Aden and Tamera Aden

**PLAINTIFF/PETITIONER:** Alan Aden and Tamera Aden

**DEFENDANT/RESPONDENT:** GC SERVICES LIMITED PARTNERSHIP

**FILED**

Superior Court Of California
County Of Riverside
05/20/2014
**M. CRIEL**
**BY FAX**

**CASE NUMBER:**
**MCC1400750**

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92592 _____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  05/19/14 _____

Jeffery R. Menard
**(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)**

►  _(signature)_
**(SIGNATURE)**

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

Approved for Optional Use
Riverside Superior Court
RI-030 [Rev. 03/15/13]

**CERTIFICATE OF COUNSEL**

Menard Law, APC
Jeffery R. Menard (SBN 248508)
350 Tenth Ave.
STE 1000
San Diego, CA 92101
Telephone: (858) 869-9529
Fax: (858) 605-6170
Jmenard22@gmail.com

Attorney for Plaintiff ALAN ADEN and TAMERA ADEN

**FILED**

Superior Court Of California
County Of Riverside
05/20/2014
**M. CRIEL**
**BY FAX**

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE

ALAN ADEN and TAMERA ADEN,

    Plaintiffs,

v.

GC SERVICES LIMITED
PARTNERSHIP and Does 1 through
100

    Defendants.

Case No.: **MCC1400750**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692 ET SEQ.); VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CCC SECTION 1788-1788.33); AND VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227 ET SEQ.)**

**Demand for Jury Trial**

///
///
///
///
///
///

Aden v. GC - 1

COME NOW PLAINTIFFS who seeks damages against the Defendants, and each of them as follows:

## I.   <u>INTRODUCTION</u>

1. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act (CCC § 1788-1788.32) ("RFDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq. ("TCPA").

2. The legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Alan Aden and Tamera Aden, individually, (hereinafter "PLAINTIFS"), by Plaintiffs' attorney, brings this action to challenge the actions of GC

SERVICES LIMITED PARTNERSHIP  (hereinafter "GC"), a business entity form unknown, Does 1 through 100, (hereinafter "DEFENDANTS"), with regard to attempts by Defendants, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.   For the purposes of this Complaint for Damages, unless otherwise indicated, "DEFENDANTS" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## II.    PARTIES

5.   PLAINTIFFS refer to the allegations in all preceding paragraphs of this complaint and incorporate those allegations herein as if set forth in full.

6.   Plaintiffs are natural people who resides in the County of Riverside, State of California and are allegedly obligated to pay a debt and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

7.   Plaintiffs are natural people from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

8.   Plaintiffs are informed and believe that Defendant GC, a business entity

form unknown, is a company operating and licensed to do business in

Riverside County.

9.   The true names and capacities, whether individual, corporate, associate or

otherwise, of defendants Does 1 through 100, inclusive, are unknown to

PLAINTIFFS and PLAINTIFFS therefore sue said defendants by such

fictitious names.  PLAINTIFFS will seek leave of court to amend this

complaint to show their true names and/or capacities when the same have

been ascertained.  PLAINTIFFS are informed, believe and thereupon

allege that each of the Doe defendants is, in some manner, legally

responsible for the events and happenings herein set forth and which

proximately caused the injury and damages to PLAINTIFFS as herein

alleged.

10.   PLAINTIFFS are informed and believe, and thereon alleges, that the GC

and DOES 1 through 100 (together "Defendants") are entities that use

instrumentalities of interstate commerce or the mails for business the

principal purpose of which is the collection of any debts, or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another and is a "debt collector" as that term is

defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c).

11. PLAINTIFFS are informed and believe, and thereon alleges, that DEFENDANTS are not attorneys or counselors at law and are an entity who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

12. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural people by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(f).

### III.   FACTUAL ALLEGATIONS

13. PLAINTIFFS refer to the allegations in all preceding paragraphs of this complaint and incorporate those allegations herein as if set forth in full.

14. At all times relevant, PLAINTIFFS were and individual residing within the State of California.

15. PLAINTIFFS are informed and believe, and thereon allege, that at all times relevant DEFENDANTS conducted business in the State of California.

16.   PLAINTIFFS allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

17.   Plaintiff, Alan Aden, spoke to a representative of GC Services who identified himself as Jeremy.  Alan Aden notified Jeremy that he was unable to make a payment and requested that Defendant GC cease to call him.

18.   To this day, GC continues to telephone PLAINTIFFS on their home telephone line and their cellular telephone line.

19.   PLAINTIFFS have never received any kind of debt validation or verification from GC.

20.   PLAINTIFFS have never given GC consent to telephone their cellular phone using an automatic phone dialing system.

21.   PLAINTIFFS have counted no less than 5 telephone calls to Plaintiff, Alan Aden's, cellular phone using and automatic phone dialing system.

22.   These collection communications on these occasions to Plaintiffs were false, deceptive, harassing, oppressive, and abusive communications by these Defendants in violation of numerous and multiple provisions of the FDCPA and RFDCPA, including but not to limited to violated 15 U.S.C

Section 1692 d, 1696 d(5), 1692 (g), 1692 e, , and 1692(f),   and

California Civil Code Section 1788.17 by violating the above mentioned

codes.

23.   The acts and omissions of the individual Defendants, and the other debt

collectors employed as agents by Defendants who communicated with

Plaintiff as described herein, were committed within the time and space

limits of their agency relationship with their principal, Defendant.

24.   The acts and omissions by the individual Defendants and these other debt

collectors were incidental to, or of the same general nature as, the

responsibilities these agents were authorized to perform by Defendants in

collecting consumer debts.

25.   By committing these acts and omissions against Plaintiff, the individual

Defendants and these other debt collectors were motivated to benefit their

principal, Defendants.

26.   Defendants are therefore liable to Plaintiff through the Doctrine of

Respondeat Superior for the intentional and negligent acts, errors, and

omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA,

RFDCPA, and TCPA  in their attempts to collect this debt from Plaintiff.

27.   Plaintiff have suffered actual damages as a result of these illegal
      collection communications by these Defendants in the form of anger,
      anxiety, emotional distress, sadness, grieving, fear, frustration,
      embarrassment, loss of income, loss of business amongst other negative
      emotions, as well as suffering from unjustified and abusive invasions of
      personal privacy at the Plaintiff' home.

## IV.   FIRST CAUSE OF ACTION

### (Violation of the Fair Debt Collection Practices Act

### 15 U.S.C. § 1692 et seq. against Defendant GC and Does 1 through 100)

28.   Plaintiff incorporates by reference all of the above paragraphs of this
      Complaint as though fully stated herein.

29.   The foregoing acts and omissions of each Defendant and their agents
      constitute numerous and multiple violations of the FDCPA including, but
      not limited to, each and every one of the above-cited provisions of the
      FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

30.   As a result of each Defendant's violations of the FDCPA, Plaintiff is
      entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory
      damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

31.   DEFENDANTS violated 1692 (g) by never sending the PLAINTIFFS a validation notice within 5 days of the initial communication.

32.   DEFENDANTS violated 1692 (d), d(5), e and f by telephoning PLAINTIFFS after specifically being told not to do so.

33.   DEFENDANTS violated 1692 (e) and (f) by telephoning PLAINTIFFS in violation of the TCPA.

## V.   SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act**

**Section 1788 – 1788.32 against Defendant GC and DOES 1 through 100)**

34.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

36.   As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable

attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

37.   DEFENDANTS violated 1788.17 by violating 1692 (g) by never sending the PLAINTIFFS a validation notice within 5 days of the initial communication.

38.   DEFENDANTS violated 1788.17 by violating 1692 (d), d(5), e and f by telephoning PLAINTIFFS after specifically being told not to do so.

39.   DEFENDANTS violated 1788.17 by violating 1692 (e) and (f) by telephoning PLAINTIFFS in violation of the TCPA.

## VI.   THIRD CAUSE OF ACTION

## (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et seq.)

40.   PLAINTIFFS incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.   The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to each PLAINTIFF.

42.   As a result of each and every Defendant's violations of the TCPA, PLAINTIFF are entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount of $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C. §227 et seq. from each and every Defendant herein.

**WHEREFORE,** Plaintiffs prays that judgment be entered against Defendants for:

**FIRST CAUSE OF ACTION**

1.   for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for PLAINTIFF;

2.   for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for PLAINTIFF;

3.   for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for PLAINTIFF;

**SECOND CAUSE OF ACTION**

1.   An award of actual damages pursuant to California Civil Code § 1788.30 (a), from DEFENDANTS for PLAINTIFF

2.   An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from all DEFENDANTS;

3.   An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

**THIRD CAUSE OF ACTION**

1. For an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each PLAINTIFF;

2. For an award of statutory damages of $1,500.00 per violation pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each PLAINTIFF;

Dated: 5/19/2014          By:    /s/Jeffery R. Menard

                          Jeffery R. Menard, attorney for PLAINTIFFS

**DEMAND FOR JURY TRIAL**

     PLAINTIFFS hereby demand a jury trial in the above captioned matter.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

ADEN VS GC SERVICES
350 Tenth Ave #1000
San Diego, CA. 92101

CASE NO. MCC1400750

This case is assigned to the Honorable Judge Sunshine S Sykes in Department 06 for case
management purposes. The Case Management Conference is scheduled for 11/20/14 at 8:30 in
Department 06.

Case is Assigned to Department 11 for Law and Motion Purposes.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants
who are named or added to the complaint and file proof of service.
Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than
five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I
am not a party to this action or proceeding. In my capacity, I am familiar with the practices and
procedures used in connection with the mailing of correspondence. Such correspondence is deposited
in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United
States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I
served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 05/20/14                          by: _____
                                        MELINDA E CRIEL, Deputy Clerk

CDACMC
1/28/14

**PROOF OF SERVICE**
**ADEN v. GC Services Limited Partnership**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action(s); my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On July 9, 2014, I served the document(s) entitled, **NOTICE OF REMOVAL** on the interested parties in this action:

Menard Law, APC
Jeffery R. Menard
350 Tenth Ave., Ste. 1000
San Diego, CA 92101
858-869-9529
858-605-6170 fax
Jmenard22@gmail.com

(BY MAIL): ✓ I enclosed a true and correct copy of the document in a sealed envelope addressed to the persons at the addresses listed on the attached SERVICE/MAILING LIST. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

(BY OVERNIGHT MAIL): I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses on the attached SERVICE/MAILING LIST. I placed the envelope or package for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

(BY E-MAIL OR ELECTRONIC TRANSMISSION): Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be sent to the persons at the electronic service addresses listed on the attached SERVICE/MAILING LIST.

(BY HAND DELIVERY): I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached SERVICE/MAILING LIST..
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 9, 2014 at Los Angeles, California.

_____
Melanie Ingrid Davis

NOTICE OF REMOVAL

31547473v1 2009